Andaiye Al-Uqdah, Esq.
Law Offices of Andaiye Al-Uqdah
309 Fellowship Road
Suite 200
Mount Laurel, NJ 08054
856.455.6677

Randy George McKee, Esq.
James J. Carter, Esq.
Carter & McKee, L.L.C.
1100 Poydras Street
Suite 1475
New Orleans, LA 70163
504.581.5902
Attorneys for Plaintiffs, Rose Brown
and The Estate of Shawn Brown

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN, NEW JERSEY**

| | |
|---|---|
| ROSE BROWN and THE ESTATE OF SHAWN BROWN, Plaintiffs | CIVIL ACTION NO. 1:15-CV-6711 |
| | Judge Renee Marie Bumb |
| v. | Magistrate Judge Ann Marie Donio |
| CITY OF ATLANTIC CITY, DET. JAMES HERBERT, DET. HOWARD MASON AND DET. MICHAEL RUZZO Defendants | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT FILED BY OFFICERS JAMES HERBERT, HOWARD MASON AND MICHAEL RUZZO**

The Plaintiffs, Rose Brown and the Estate of Shawn Brown submit their Memorandum in Opposition to the Motion for Summary Judgment filed by Officers James Herbert and Michael Ruzzo.

**FACTS AND PROCEDURAL HISTORY**

On August 30, 2019, the Honorable Renee Marie Bumb, United States District Judge for the District of New Jersey denied summary judgment against Detective Michael Ruzzo and Detective James Herbert in regard to its attempt to dismiss the §1983 claims on the basis that there are material facts in dispute in regard to the reasonableness of the final shots fired by these individuals that killed Shawn Brown.

Further, the Court denied summary judgment in regard to these defendants' attempt to dismiss the state law claims of wrongful death/survival action; assault, battery and negligence. This Honorable Court requested that the parties address the issue of whether the state law claims should remain based upon a review of the Notice in question.

The Plaintiffs served a Notice of Tort Claim on the City of Atlantic City on November 28, 2014. However, Atlantic City and the Atlantic City Prosecutor's Office would not provide the names of the officers involved in the incident. Throughout this litigation, the Defendant Officers have not been prejudiced by not receiving the notice under the New Jersey Tort Claims Act. Further, the Defendant Officers have waived the right to make this argument by not filing a Rule 12(b)(6) Motion to Dismiss and conceding jurisdiction in this matter to the Plaintiffs.

Based upon the substantial compliance with the New Jersey Tort Claims Act and its notice requirement, the Motion for Summary Judgment should be denied.

# LEGAL ARGUMENT

## A. STANDARD OF REVIEW

A party "seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the 'pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548 (1986).* If a moving party meets this burden, the non-moving party may defeat the motion by setting forth "specific facts showing that there is a genuine issue for trial." *Fed. R. Civ. P. 56(e).*

Summary judgment is appropriate where the moving party has established that there is no genuine dispute of material fact and "the moving party is entitled to judgment as a matter of law." *Hugh v. Butler County Family YMCA, 418 F.3d 265, 266-67 (3d Cir. 2005).* A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material only if it has the ability to "affect the outcome of the suit under governing law." *Shuman v. Raritan, 2016 U.S. Dist. LEXIS 164996, \*22 (D.N.J. 2016).* "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor." *Id. citing Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004).*

The burden of establishing that no "genuine issue" exists is on the party moving for summary judgment. *Shuman, 2016 U.S. Dist. LEXIS 164996 at \*23*. "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." *Id. citing Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001)*. In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. Credibility determinations are the province of the factfinder. *Shuman, 2016 U.S. Dist. LEXIS 164996 at \*24*.

**B. THE TORT CLAIMS NOTICE DEMONSTRATED SUBSTANTIAL COMPLIANCE WITH THE STATUTE; THEREFORE, THE STATE LAW CLAIMS SHOULD NOT BE DISMISSED.**

The New Jersey Tort Claims Act requires that the following must be included in any notice, prior to filing a tort claim against the state or a "local public entity": (1) name and address of the claimant; (2) the address to which the notice will be sent; (3) the "date, place and other circumstances of the occurrence or transaction" giving rise to the claim; (4) a description of the injury, damage or loss incurred; (5) the name or names of the public entity, employee or employees causing the injury; (6) the amount of damages claimed and (7) the signature of the claimant. *N.J. Stat. Ann. §59:8-4, 59:8-5*.

The plaintiffs substantially complied with the statute, as they listed six of the seven requirements in their Tort Claims Notice. The only omission was the name of the

4

officers because Atlantic City and the Atlantic City Police Department refused to provide their names, although they were well aware of the identities of the officers.

More importantly, a review of the Tort Claims Notice clamors that the plaintiffs complied with the statute and that the defendants were on constructive and actual notice about the incident and the officers. In *Vargas v. Camden City Bd. of Educ., No. 05-778, 2006 WL 840393, at 5-6 (D.N.J. March 28, 2006),* the Court held that the plaintiff substantially complied with notice requirements, as the plaintiff sent a letter directly to the Board of Education and listed tort claims that the plaintiff intended to file. Further, in *Guerrero v. City of Newark, 216 N.J. Super. 66,522 A.2d 1036, 1038-39 (App. Div. 1987),* the court found substantial compliance with the statute by mailing a letter to the defendant informing him of the plaintiff's intent to pursue a claim under the NJTCA. In *D'Eustachio v. City of Beverly, 177 N.J. Super. 566,427 A.2d 126, 128 (N.J. Super. Ct. Law Div. 1979)*, the court found substantial compliance with the statute, as the plaintiff wrote a detailed letter directly to the chief of the fire department and described the property damage sustained. Finally, in *Dambro v. Union Cnty. Park Comm'n, 130 N.J. Super. 450,327 A.2d 466, 467 (N.J. Super Ct. Law Div. 1974),* the court found substantial compliance with the statute with the plaintiff's letters to the borough police department and the borough tax assessor outlining the claims to be filed.

Here, the only item missing from the Tort Claims Notice is the name of the officers. The Notice is very detailed, as it outlines facts and the numerous causes of action. Further, it provides the names and addresses of 10 witnesses. It outlines

5

the place of treatment. Given the events leading to this Notice and the exhaustive information provided, the plaintiffs respectfully request that this Court find that the plaintiffs complied with the NJTCA.

## **CONCLUSION**

For the reasons stated herein, this Honorable Court should deny the Defendant Officers' Motion for Summary Judgment. The Plaintiffs have presented sufficient evidence in the record that supports each element of this case.

    Respectfully submitted,

    s/Andaiye Al-Uqdah

    Andaiye Al-Ugdah

    Randy George McKee

    James J. Carter

Dated: September 30, 2019